### SUCCESSION OF CHARLES FORTIN.—LOUIS FORTIN AND ARMAND DUPLANTIER, Opponents.

Mad. F. conveyed her interest in certain property to a married son, in consideration of a life annuity. *By the Court:* It is evident that the transaction which took place between the parties was not intended, as understood by them, to be an onerous donation, but as it purports to be, a contract of annuity for life—*rente annuelle viagère.* As this property was acquired during the marriage, it belonged to the community, and the community was, consequently, liable for the payment of the annuity—or *rente constituée.*

The admission by the widow of the son, that the property conveyed was the separate property of her deceased husband, may possibly, be binding on her, but it is clear that such admission cannot, in any manner, affect the rights of her minor children, considering that the ownership of the property, burthened as it is with the obligation of this life annuity, may turn out to be more onerous than advantageous to them.

APPEAL from the District Court—Fourth Judicial District—Parish of St. John Baptist, *Duffel,* J.

*Roman & Berault,* for appellants.    *Blache,* for opponents.

VOORHIES J.    On the 5th September, 1853, Mrs. *Felicie Communy,* widow of the late *Charles Fortin,* and natural tutrix of her minor children, named *Emile, George* and *Amelia Fortin,* filed a provisional account of her tutorship and a final account of her administration of the estate of her deceased husband.

The under-tutors of her minor children opposed the homologation of her accounts on several grounds. The fourth, and indeed the only ground which would seem to offer any difficulty, is as follows, viz:

"Because the said community is credited with the sum of $12,000, as an indemnity due to it for the like amount paid by the deceased to his mother, widow *Fortin,* up to the time of his death, for nine years of an annuity which was constituted in her favor by the aforesaid Act of the 16th of April, 1841, before *F. Grima,* Notary Public; the said annuity being a charge by the said widow *Fortin,* to the deceased, of which revenues the said community had the benefit and enjoyment."

It is to be observed that both counsel would seem to have conceded or assumed, that in the purchase by *Charles Fortin,* from his mother, the property purchased became his separate property. Is it so? The fact of his having purchased from his mother does not make it different in legal effect from a purchase of property from a stranger. What was the nature of the contract which existed between the deceased and his mother? The record shows that *Louis Fortin* died on the 29th of October, 1828, leaving as his sole heirs. *Charles, Edouard,* and *Françoise Arsène Fortin,* issue of his marriage with *Celeste Parent.* At the time of his death, he owned a plantation, slaves, etc., in partnership with *Armand Duplantier,* four-fifths of which belonged to him. His widow, *Celeste Parent,* his children, and *Duplantier,* continued to hold this property in common until the 16th of April, 1841, when a partition was made between them, by which the widow conveyed all her interest therein to her said children, in consideration of an annuity—*rente constituée*—the stipulations of which, are as follows, to-wit:

"Et la dite dame veuve *Fortin* a dit et déclaré que désirant se retirer de la dite société, elle a proposé à ses co-associés susnommés de céder et transporter

à ses enfants, les dits sieurs *Charles* et *Edouard Fortin* et la dite dame *Armand Duplantier*, ses droits et intérêts dans la dite société, ci-dessus évalués et déterminés à la somme de quarante-trois mille cinq cent trente-trois piastres, cinquante-quatre cents, six quarante-cinquièmes moyennant une rente annuelle et viagère de quatre mille piastres, qui lui serait payée annullement par ses dits enfants, dans tout le cours du mois de mars, et dont un tiers, c'est-à-dire mille trois cent trente-trois piastres, trente-trois cents un tiers, devra être payé par chacun de ses dits trois enfants, laquelle proposition a été acceptée par les dits sieurs *Charles* et *Edouard Fortin* et par la dite dame *Françoise Arsène Fortin*, sous l'assistance et avec l'autorisation de son mari, le dit sieur *Armand Duplantier*.

En conséquence la dite dame veuve *Fortin* déclare par les présentes céder et transporter à Messieurs *Charles Fortin*, *Edouard Fortin* et dame *Françoise Arsène Fortin*, épouse autorisée du dit sieur *Duplantier*, acceptant pour eux et leurs héritiers ou ayants-cause, les deux-cinquièmes indivis de la susdite habitation, ainsi que les esclaves, animaux et utensiles qui en dépendent, et généralement tous les droits, titres, actions et réclamations qu'elle a et peut avoir à exercer contre les biens, mobiliers et immobiliers dépendant de la dite société et de la succession du feu *Louis Fortin*, son mari, tant en raison de ses droits matrimoniaux qu'en raison de la communauté de biens qui a existé entre elle et son défunt mari, se dessaisissant de tous ses droits en faveur de Mme *Duplantier* et de Messieurs *Charles* et *Edouard Fortin*, pour par eux en jouir et disposer comme bon leur semblera, en vertu des présentes.

Cette cession est faite à la charge par lesdits *Charles Fortin*, *Edouard Fortin* et Dame *Duplantier* de payer à ladite dame veuve *Fortin*, la rente viagère qu'ils vont ci-après créer et constituer.

En considération de la cession à eux ci-dessus faite, lesdits sieurs *Charles Fortin*, *Edouard Fortin* et dame *Françoise Arsène Fortin*, épouse dudit sieur *Duplantier*, et par son mari dûment autorisée et assistée, déclarent par les présentes créer et constituer en faveur de ladite dame veuve *Fortin*, leur mère, ce acceptant, chacun une rente annuelle et viagère de mille trois cent trente-trois piastres trente-trois cents un tiers, qu'ils s'obligent, chacun, de payer à ladite dame veuve *Fortin*, dans tout le mois de Mars de chacune des années qui suivront la date des présentes, jusqu'au jour du décès de ladite dame veuve *Fortin*, à compter duquel jour cette rente sera éteinte et amortie."

It is contended by the appellant's counsel, that the transaction which took place between the widow, *Louis Fortin*, and her children, cannot be viewed in any other light than as an onerous donation, made to them exclusively, although the act which evidences that transaction does not express it to be a donation *eo nomine*. In this, we are unable to concur with the learned counsel. In the language of our Code, Art. 1511, "the onerous donation is not a real donation, if the value of the objects given does not manifestly exceed that of the charges imposed on the donee." Does the value of the property thus conveyed manifestly exceed that of the charges imposed on *Charles, Edouard* and *Françoise Arsène Fortin?* We think not. Then it is evident that the transaction which took place between the parties was not intended or understood by them to be an onerous donation, but, as it purports to be, a contract of annuity for life—*rente annuelle viagère.* C. C. 2764, *et seq.; Mayor* v. *Duplessis*, 5 M. 309. As this property was acquired during the marriage, it belonged to the community, and the community was, consequently, liable for the payment

of the annuity or *rente constituée.* C. C. 2371. It is true, the admission of the widow that it is the separate property of the estate of her deceased husband, may possibly be binding upon her, but it appears to us clear that such admission cannot, in any manner, affect the rights of the minors, considering that the ownership of the property, burdened as it is with the obligation of this life annuity, may turn out to be more onerous than advantageous to them. Therefore, we think it is essential as a prerequisite to a settlement and partition of the community, that the rights of the minors in this respect should be properly determined.

The appellees, in their answer, have prayed for an amendment of the judgment of the court below in regard to an item of $4,000, which is ordered to be credited to the community, as the price paid for a tract of land of one arpent front by forty in depth, which was purchased by *Charles Fortin,* in 1841. It is urged that the credit should have been for $2,000, as *Charles Fortin* bought the land in partnership with his brother, *Edouard Fortin* for $4,000, and therefore, only paid $2,000, for his half. On this point, no argument has been offered on the part of the appellant and the facts appear to warrant the conclusion that the judgment is erroneous in this respect.

It is, therefore, ordered and decreed, that the judgment of the court below be avoided and reversed, and that the case be remanded for further proceedings according to law ; and that in reforming the account, the sum of two thousand, instead of four thousand dollars, be credited to the community ; and it is further ordered that the costs of appeal be borne by the estate of *Charles Fortin* deceased.